UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:21-CV-00078-GNS-HBB

CARL LINDSEY, and
JOANN LINDSEY                                                    PLAINTIFFS

VS.

DEXTEROUS MOLD & TOOL, INC., et al                              DEFENDANTS

<u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Defendant Dexterous Mold and Tool, Inc.'s motion for leave to file a third-party complaint (DN 35).  Intervening Plaintiff Old Republic Insurance Co. has filed a response in opposition (DN 36), and Plaintiffs have filed a response in opposition (DN 37). Dexterous has filed a reply (DN 38).

Nature of the Case

On April 16, 2020, Plaintiff Carl Lindsey was employed by Delta Faucet Company (DN 1-3, ¶ 7).  He was working with an injection molding machine and sustained a crush injury (<u>Id.</u>).  Plaintiffs allege that the component of the injection molding machine which caused the injury was "manufactured and placed in the machine by Defendant Dexterous . . ." (<u>Id.</u> at ¶ 9). The Plaintiffs' Complaint asserts a claim against Dexterous for negligence, and makes similar allegations against the other Defendants, who are also alleged to have participated in the design and manufacture of the component (<u>Id.</u> at pp. 6-14).  Old Republic Insurance Co. filed an intervening complaint in which it alleged it was the workers' compensation carrier for Lindsey's employer Delta Faucet and, as a consequence of his injuries, paid Lindsey benefits (DN 13, ¶ 10). Old Republic seeks indemnity for those benefits from the Defendants (<u>Id.</u> at ¶ 14).

<u>Dexterous' Motion for Leave to File a Third-Party Complaint</u>

Dexterous seeks to join Delta as a third-party defendant, alleging that Delta was Lindsey's employer and he was injured at his workplace (DN 35-1).  Lindsey's injury, it alleges, was the result of Delta's negligence in training and supervising him (<u>Id.</u>).  Additionally, Dexterous asserts that Delta is vicariously responsible for the actions of other employees which caused Lindsey's injuries (<u>Id.</u>).  Dexterous seeks that any fault in the accident be apportioned between the parties, including Delta, and that Delta indemnify it for any damages awarded to Lindsey (<u>Id.</u>).

<u>Plaintiffs' and Old Republic's Responses</u>

Old Republic argues that the motion for leave to file a third-party complaint against Delta should be denied as barred by the Kentucky Workers' Compensation Act, KRS 342.690, which preempts an employer's liability (DN 36).  In their Response, Plaintiffs cite this Court's earlier opinion in <u>Wilson v. Ray</u>, No. 1:18-CV-00011-GNS-HBB, 2019 U.S. Dist. LEXIS 66807 (W.D. Ky. Apr. 19, 2019), in support of their contention that neither apportionment nor indemnity are available by way of third-party claims against Delta (DN 37).

<u>Dexterous' Reply</u>

Dexterous first contends that it is entitled to file the third-party complaint in order to pursue discovery as to whether Delta did, in fact, have Workers' Compensation insurance and that Lindsey received benefits under that coverage (DN 38).

Turning to the substantive issue of whether Kentucky's Workers' Compensation Act bars the claims in the third-party complaint, Dexterous argues that, in order for the jury to consider an apportionment of fault to Delta, Delta must have been joined in the action as a third-party (<u>Id.</u> at p. 2).  Even though Delta may be subsequently dismissed as a party by operation of the Workers' Compensation Act, the joinder serves as a mechanism whereby Dexterous may argue to the jury

for apportionment of fault to Delta (Id.).  Dexterous cites to <u>Grimes v. Mazda N. Am. Operations</u>, 355 F.3d 566, 572 (6th Cir. 2004), as endorsing this process, as well as decisions by this Court in <u>Tonsetic v. Rafferty's Inc.</u>, No. 1:14-CV-00170-GNS-HBB, 2016 U.S. Dist. LEXIS 100003 (W.D. Ky. Aug. 1, 2016); <u>Faulkner v. ABB, Inc.</u>, No. 5:08-CV-00212-TBR, 2009 U.S. Dist. LEXIS 98559, at *3 (W.D. Ky. Oct. 22, 2009); and <u>Maysey v. Henkel Corp.</u>, No. 1:17-CV-00108-GNS, 2018 U.S. Dist. LEXIS 62284, *3 (W.D. Ky. Apr. 11, 2018) (DN 38, pp. 2-3).

Discussion

A defendant may serve a "complaint on a nonparty who is or may be liable to it for all or part of the claim against it." FED. R. CIV. P. 14(a)(1).  "A third party complaint may be maintained in those cases where the third party defendant would be liable secondarily to the original defendant in the event the original defendant is held liable to the plaintiff." <u>Baker v. Moors</u>, 51 F.R.D. 507, 509 (W.D. Ky. 1971); *see* <u>Am. Zurich Ins. Co. v. Cooper Tire & Rubber Co.</u>, 512 F.3d 800, 805 (6th Cir.2008) ("The purpose of Rule 14 is to permit additional parties whose rights may be affected by the decision in the original action to be joined so as to expedite the final determination of the rights and liabilities of all the interested parties in one suit.").

When a defendant seeks to file a third-party complaint more than fourteen days after filing its original answer, it must first request the court's permission.  FED. R. CIV. P. 14(a)(1).  The decision whether to grant leave to file a third-party complaint is within the discretion of the trial court.  <u>Gutierrez-Morales v. Planck</u>, 318 F.R.D. 332, 334 (E.D. Ky. 2016) (citing <u>Gen. Elec. Co. v. Irvin</u>, 274 F.2d 175, 178 (6th Cir. 1960)).

As to Dexterous' argument that it should be permitted to file the third-party complaint so that it can conduct discovery on whether Old Republic insured Delta and paid benefits to Lindsey, this is a slender reed upon which to support its motion.  Old Republic's Intervening Complaint

3

affirmatively states that Lindsey was an employee of Delta, that Old Republic was Delta's Workers' Compensation carrier, and that it paid benefits under the policy for Lindsey's injuries sustained in the course of his employment (DN 13, ¶ 10). Old Republic makes the same averments in its Response to the motion for leave to file a third-party complaint (DN 36, p. 2). Plaintiffs confirm this in their Response to the motion (DN 37, p. 1). These contentions can be tested through discovery with Plaintiffs and Old Republic.

Turning to Dexterous' substantive argument that it should be permitted to join Delta as a third-party defendant in order to obtain an apportionment instruction, the cases Dexterous cite are distinguishable in that <u>Tonsetic</u> and <u>Faulkner</u>, *supra*, dealt with motions to dismiss already-filed third-party complaints, whereas the present motion is for leave to file a third-party complaint. In <u>Maysey</u>, *supra*, there was no objection to the motion to file a third-party complaint against the employer.

Here, the circumstances are similar to those in <u>Commins v. NES Rentals Holdings</u>, No. 3:16-CV-00608-GNS, 2018 U.S. Dist. LEXIS 242498 (W.D. Ky. Feb. 27, 2018). In that case, a worker died in an industrial accident alleged to have resulted from the defendants' defective boom lift. <u>Id.</u> at *3. Defendant Genie Industries, Inc., in turn, sought to join the plaintiff's employer, Kellogg, Brown & Root, Inc. (KBR) by way of a third-party complaint, so that KBR might be subject to apportionment of liability and indemnity (<u>Id.</u> at *3-6). The holding of that case merits quotation at length:

> Plaintiffs correctly point out under Kentucky statutory and case law, KBR is simply not a proper party. Apportionment of fault does not require the addition of KBR as a party. *Owens Corning Fiberglass*, 58 S.W.3d at 480-81[1] ("[I]f supported by the evidence, proper instructions may allow the jury to apportion fault against a settling nonparty, and a settlement, between an employer and employee, of a claim under the Workers' Compensation Act constitutes a

---

[1] <u>Owens Corning Fiberglas Corp. v. Parrish</u>, 58 S.W.3d 467 (Ky. 2001).

settlement under KRS 411.182(4).").  This view, as the Plaintiffs correctly point out in their response in opposition, is why several federal district courts in Kentucky have in recent years rejected the identical argument that apportionment requires that a third-party complaint be filed against the employer of an injured worker.  *See, e.g., Griffin v. Honeywell Int'l*, 2014 U.S. Dist. LEXIS 160255, 2014 WL 6455209, at *4 (E.D. Ky. Nov. 13, 2014); *Pickrell v. Cooper Container Corp.*, 2008 U.S. Dist. LEXIS 145400, 2008 WL 11344737, at *3 (E.D. Ky. April 9, 2008); *Franke v. Ford Motor Co.*, 398 F. Supp. 2d 833, 840 (W.D. Ky. 2005).

Further, KBR, in its capacity as employer, has fully settled its liability under the Workers' Compensation Act so that the exclusive remedy provisions of KRS 342.690 come to bear to foreclose any further claim by Genie against KBR.  KBR's liability, as Plaintiffs recognize, is capped to what it has already paid so that no remaining contribution claim exists.  *Griffin*, 2014 U.S. Dist. LEXIS 160255, 2014 WL 6455209 at *4("Under Kentucky law a contribution claim does not exist where an employer has already met its obligations under the Workers' Compensation Act."); *Smith v. Parker-Hannifin Corp.*, 2013 U.S. Dist. LEXIS 45196, 2013 WL 1337378, at *3 (W.D. Ky. 2013)(same).  A claim for indemnification also cannot be successfully maintained by Genie since KBR's liability would be limited to what it has already paid out.  *See Griffin*, 2014 U.S. Dist. LEXIS 160255, 2014 WL 6455209, at *4 (relying on the Act to dismiss third-party complaint for indemnity against injured worker's employer); *Pickrell*, 2008 U.S. Dist. LEXIS 145400, 2008 WL11344737, at *3 (granting motion to dismiss third-party complaint against employer because "KRS § 342.690 effectively bars any further contribution or indemnity obligation of [the employer], and because state law allows potential apportionment without [the employer's] participation."); *Capps v. Herman Schwabe, Inc.*, 628 F. Supp. 1353, 1358 (W.D. Ky. 1986) (relying on the Act to dismiss indemnity claim brought against employer by liable third party).

(Id. at *9-10); *see also* Purvis v. Praxair, Inc., No. 5:19-08-KKC, 5:19-245-KKC, 5:19-254-KKC;

2020 U.S. Dist. LEXIS 202836, at *12 (E.D. Ky. Oct. 30, 2020) (For purposes of KRS 411.182,

an employer settles with a claimant when the employer provides workers compensation coverage

to the claimant.  The employer need not be named as a party for purposes of apportionment.);

Beverly v. Meva Formwork Sys., No. 3:08-29-DCR, 2010 U.S. Dist. LEXIS 28092, at *6

(E.D. Ky. Mar. 24, 2010) (Although employer not joined as party to the action, "it is obvious that Kentucky law permits an apportionment instruction against an employer who is providing workers' compensation benefits.").

As noted in Commins, *supra*, any claim for indemnity is foreclosed by the Workers' Compensation Act. However, courts have recognized an exception may exist in instances of *respondeat superior* liability. *See* Tonsetic, 2016 U.S. Dist. LEXIS 100003 at *7-8; Franke v. Ford Motor Co., 398 F. Supp. 2d 833, 840 (W.D. Ky. 2005). In Franke, the court recognized the possibility of a *respondeat superior* indemnity claim, however:

> The court sees no reasonable basis for an indemnity claim by ATI against Ford, Abel, or Burns. Taking every allegation in ATI's proposed cross claim as true - that the negligence of Ford employee Kenneth Strickler in operating the hydraulic controls on the table was responsible in whole or in part for the accident - still does not create a basis for an indemnity claim. A claim for indemnity is "one in which the claimant seeks restitution for damages it was required to pay for injuries sustained by another and which were entirely or primarily caused by the party against whom indemnity is sought." *Degener,* 27 S.W.3d at 781-82[2] (citation omitted). An example would be a situation in which a party was liable under principles of respondeat superior. That is simply not the case here.
>
> Under Kentucky comparative fault principles, the jury will be instructed to apportion liability in proportion to the fault of each defendant. Assuming ATI's allegations are true and the jury agrees, the amount of the accident caused by the by negligence of Ford's employee will be apportioned to Ford (even though Ford is immune from liability to Plaintiff), not to ATI. ATI will be liable only for its own negligence, if any.

Franke, 398 F. Supp. 2d at 840. *See also* Wilson v. Ray, No. 1:18-CV-00011-GNS-HBB, 2019 U.S. Dist. LEXIS 66807, at *4-5 (Absent any allegation of contractual indemnity, the Workers' Compensation act limits the employer's liability to the amount of benefits paid.). The same holds

---

2   Degener v. Hall Contracting Corp., 27 S.W.3d 755 (Ky. 2000).

true here.  Negligence of a Delta employee which caused or contributed to Lindsey's injury would

be attributable to Delta under apportionment of fault, and not to Dexterous, and there is no legal

basis for a claim of indemnity.

       **WHEREFORE**, the motion for leave to file a third-party complaint (DN 35) is **DENIED**.

*H. Brent Brennenstuhl*

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

January 21, 2022

Copies:      Counsel of Record

7